UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| A.B., an individual,<br><br>v.<br><br>SALESFORCE.COM, INC., *et al.* | § § § § § § § § | CIVIL ACTION NO. 4:20-CV-01254 |
| P.P., an individual,<br><br>v.<br><br>SALESFORCE.COM, INC., *et al.* | § § § § § § § § § | CIVIL ACTION NO. 4:20-CV-01256 |
| A.E., an individual,<br><br>v.<br><br>SALESFORCE.COM, INC., *et al.* | § § § § § § § § | CIVIL ACTION NO. 4:20-CV-01516 |
| R.J., an individual,<br><br>v.<br><br>SALESFORCE.COM, INC., *et al.* | § § § § § § § § § | CIVIL ACTION NO. 4:20-CV-01254 |

**EMERGENCY MOTION BY SALESFORCE.COM, INC. TO POSTPONE ANSWER DEADLINE PENDING RULING ON SALESFORCE'S REQUEST TO CERTIFY INTERLOCUTORY APPEAL PURSUANT TO 28 U.S.C. § 1292(b)**

Defendant salesforce.com, inc. ("Salesforce") respectfully moves on an emergency basis[1] for a brief postponement of the deadline for Salesforce to file an answer in the above-captioned

---

[1] Although Salesforce is cognizant of the Court's Civil Procedures Standing Order, which states that "[m]otions for extension of deadlines in the Scheduling and Docket Control Order are not emergencies," the purpose of this motion is not to seek an extension of time.  Rather, as explained below, Salesforce seeks to protect its right to an immunity from suit provided by CDA 230.

cases pending resolution of Salesforce's forthcoming motion to certify for interlocutory appeal, pursuant to 28 U.S.C. § 1292(b), the Court's order on Salesforce's motion to dismiss under Fed. R. Civ. P. 12(b)(6). In that order, the Court declined to apply section 230 of the Communications Decency Act, 47 U.S.C. § 230, to Salesforce.

There is good cause for the brief postponement requested. Most important, it would serve judicial economy and conserve the parties' resources for this Court to consider first Salesforce's forthcoming § 1292(b) motion, because if section 230 applies, it provides immunity *from suit*—not just a defense to liability. Salesforce thus respectfully requests that the Court postpone Salesforce's answer deadline until after Salesforce's motion to certify has been decided.

Salesforce's counsel has conferred with counsel for Plaintiffs and they oppose this motion.

In support of this motion, Salesforce respectfully shows as follows:

1. On March 23, 2021, this Court ruled on Salesforce's Motion to Dismiss, granting Salesforce's motion with respect to Plaintiffs' Texas common law claims and denying the motion with respect to Plaintiffs' federal and Texas statutory claims. *See* Dkt. No. 58 at 11. In the Order, the Court stated that it "cannot hold as a matter of law that CDA 230's protections apply to Salesforce." *Id.* at 6.

2. Salesforce is currently preparing a motion for interlocutory appeal of the Order under 28 U.S.C. § 1292(b), which permits the district court to certify an issue or matter for immediate review where there is a controlling question of law as to which there are substantial grounds for difference of opinion. Salesforce plans to file its motion in approximately two weeks.

3. The deadline for Salesforce's Answer is April 6, 2021—fourteen days after the Court issued the Order Salesforce will seek to appeal in its § 1292(b) motion.

4. Given Salesforce's forthcoming § 1292(b) motion, there is good cause to postpone the deadline for filing an answer until the Court has ruled on Salesforce's motion. *See Jones v. Cent. Bank*, 161 F.3d 311, 313 n.1 (5th Cir. 1998) ("[T]he district court has broad discretion to expand filing deadlines under Fed. R. Civ. P. 6(b)"). First, a brief postponement is warranted by judicial economy. Second, section 230 is a threshold legal issue "generally accorded effect at the first logical point in the litigation process," *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 254–55 (4th Cir. 2009), and moving forward with responsive pleadings before the issue is fully resolved would risk compromising the Fifth Circuit's ability to provide meaningful appellate review, as "immunity from suit" under section 230 "is effectively lost if a case is erroneously permitted to go to trial[.]" *Id.* (quoting *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)). *See Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008) (affirming dismissal under Rule 12(b)(6) based on the "immunity provisions in § 230").

5. Salesforce respectfully requests that any answer deadline be postponed until 14 days after any ruling from the Fifth Circuit, if the matter is taken up, or, alternatively, 14 days after either this Court or the Fifth Circuit denies certification under section 1292(b).

6. Plaintiffs will not be prejudiced by postponing the answer deadline in this case because, as of this filing, no other deadlines in this lawsuit have been set.

7. Pursuant to Local Rule 7.1, Salesforce certifies that it met and conferred in good faith with counsel for the Plaintiffs in an effort to resolve this request without the Court's involvement. On March 30, 2021, Salesforce's counsel asked Plaintiffs' counsel if they would agree to extend the time for Salesforce to file an answer until after the Court rules on Salesforce's forthcoming motion to certify. Plaintiffs' counsel would not agree. The following day, Salesforce explained that it would need to move for this relief and asked if "Plaintiffs [would] agree to a one-

week extension to the answer deadline to provide the Court time to consider the expedited motion." Again, Plaintiffs refused to agree. These communications are attached hereto as Exhibit A.

Wherefore, Salesforce respectfully asks the Court to postpone the deadline for Salesforce to file any answer until after the Court rules on Salesforce's forthcoming motion to certify interlocutory appeal.

DATED: March 31, 2021                         Respectfully submitted,

                                              /s/ Michael Raiff
                                              Michael Raiff
                                               *Attorney in Charge*
                                               Texas Bar No. 00784803
                                               Southern District No. 24328
                                               mraiff@gibsondunn.com
                                              GIBSON, DUNN & CRUTCHER LLP
                                              2001 Ross Avenue, Suite 2100
                                              Dallas, TX 75201
                                              Telephone: 214.698.3100
                                              Facsimile: 214.571.2900

                                              *Counsel for Defendant salesforce.com, inc.*

OF COUNSEL

Veronica S. Lewis
 Texas Bar No. 24000092
 Southern District No. 26388
Andrew LeGrand
 Texas Bar No. 24070132
 Southern District No. 2827698
 GIBSON, DUNN & CRUTCHER LLP
 2001 Ross Avenue, Suite 2100
 Dallas, TX 75201
 Telephone: 214.698.3100
 Facsimile: 214.571.2900
 vlewis@gibsondunn.com
 alegrand@gibsondunn.com
 *Counsel for Defendant salesforce.com, inc.*

Kristin A. Linsley (admitted *pro hac vice*)
 GIBSON, DUNN & CRUTCHER LLP
 555 Mission Street
 San Francisco, CA 94105-0921
 Telephone: 415.393.8395
 Facsimile: 415.374.8471
 klinsley@gibsondunn.com

Kathrine M. Silver
 Texas Bar No. 24013510
 Southern District No. 25397
William J. Stowe
 Texas Bar No. 24075124
 Southern District No. 1138801
 JACKSON WALKER
 1401 McKinney, Suite 1900
 Houston, TX 77010
 Telephone: 713.752.4200
 Facsimile: 713.308.4141
 ksilver@jw.com
 wstowe@jw.com

*Counsel for Defendant salesforce.com, inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on the 31st day of March, 2021, the foregoing document was filed using the Court's CM/ECF system. In addition, (1) the filing is available for viewing and downloading via the CM/ECF system, and (2) the CM/ECF system will send notification of this filing to all attorneys of record who have registered for CM/ECF updates.

/s/ *Michael Raiff*
Michael Raiff
*Counsel for Defendant salesforce.com, inc.*

## CERTIFICATE OF CONFERENCE

Kristin Linsley, counsel for Defendant Salesforce, conferred with Annie McAdams, counsel for Plaintiffs, on March 30-31, 2021 regarding this motion. Ms. McAdams confirmed that Plaintiffs oppose the relief requested herein. These communications are attached as Exhibit A.

/s/ *Michael Raiff*
Michael Raiff
*Counsel for Defendant salesforce.com, inc.*