IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| A.B., *et al.*, § <br> § <br> *Plaintiffs*, § <br> v. § CIVIL ACTION NO. 4:20-cv-1254 <br> § <br> SALESFORCE, INC., § <br> § <br> *Defendant*. § | |

## ORDER

Plaintiffs in their Response to Defendant's Motion for Summary Judgment explicitly pointed out that Plaintiffs' ability to prove their case was not an issue in the recent motion for summary judgment on which this Court has just ruled, because discovery has been limited to resolving whether Salesforce is entitled to § 230 immunity. Despite the fact that the Defendant's motion did not move on the actual substantive claims, Defendant attached a footnote to the last sentence before its conclusion, seemingly inviting the Court to address the actual merits. The footnote reads as follows:

> Even if FOSTA did not require proof that Salesforce's conduct violated section 1591 (it does), plaintiffs' section 1595 claim still would be barred because the record conclusively shows that Salesforce did not "participate" in a sex-trafficking venture, as section 1595 requires. The record also establishes that Salesforce lacked the knowledge section 1595 requires about the particular circumstances surrounding plaintiffs' trafficking.

(Doc. No. 160 at 25, n. 23) (internal citations omitted).

In their Response, Plaintiffs strongly objected to the suggestion that the Court should rule on the factual merits. (Doc. No. 169 at 26–29). This Court ultimately decided that, even if one considered this footnote to be an invitation to go beyond the § 230 immunity raised in the motion, it was an invitation that the Court must refuse. This refusal should not be surprising to Salesforce,

because in its Reply to Plaintiffs' obvious concern, Salesforce assumed the Court would not reach the merits:

> Plaintiffs' protests about the "premature resolution" of the merits of their section 1595 claim are irrelevant. This Court need not reach the merits of plaintiffs' claims to grant Salesforce's motion. Salesforce is entitled to summary judgment because plaintiffs' section 1595 claim is barred by section 230, and no FOSTA exemption applies because there is no dispute that Salesforce did not violate section 1591. This Court need go no further to dispense with plaintiffs' section 1595 claim.

(Doc. No. 171 at 22) (internal citations and footnote omitted).

This Court, in fact, meticulously studied the record and the briefing in order to discern whether a viable path existed to resolve the entire case, so that the parties could quickly obtain a definitive ruling from the Fifth Circuit on these two important and controlling legal questions. The Court kept in mind the fact that, while it allowed significant discovery, it did not give the Plaintiffs *carte blanche* because it limited discovery to the points that were eventually raised in the summary judgment motion. Ultimately, the Court concluded that there was no course of action available to completely resolve this case in a manner that would comport with the prevailing rules of civil procedure, the prior orders of this Court, and the overall interests of justice and fair play to both sides. The Court's decision that it must limit its ruling without consideration of the ultimate merits does not diminish the importance of the legal questions presented by Salesforce's motion.

Therefore, pursuant to Federal Rule of Appellate Procedure 5(a)(3) and 28 U.S.C. § 1292(b), the Court hereby certifies that its Order on the Defendant's Motion for Summary Judgment involves controlling issues of law as to which there may be substantial grounds for differences of opinion. An immediate resolution of these issues on appeal would materially advance the termination of this litigation. Additionally, this Court and many others have other cases involving the same critical issues.

Broadly stated, the over-arching issue is whether Defendant, Salesforce, Inc., is entitled to immunity pursuant to § 230 of the Communications Decency Act. Specifically, the issues are: (1) is the Defendant, Salesforce, Inc., a provider of an "interactive computer service," such that it qualifies as an entity entitled to the protection of the immunity provisions of § 230; (2) has Salesforce been sued as a publisher or speaker in such a manner that it would be entitled to invoke the immunity provisions of § 230; and (3) if Salesforce is a provider of "interactive computer services," and has been sued as publisher or speaker, may Plaintiffs nevertheless proceed with their federal (18 U.S.C. § 1595) and state (Tex. Civ. Prac. & Rem. Code § 98.002(a)) law claims under the Fight Online Sex Trafficking Act's ("FOSTA") exception to § 230 immunity codified in 47 U.S.C. § 230(e)(5)? Obviously in its Order on Salesforce's Motion for Summary Judgment, the Court found the answer to the first question was 'yes' and the answer to the second question was 'no,' such that it did not need to address the third question.

It is further ordered that the case is stayed until the later of the following time periods: (1) 60 days from the date of this Order if Salesforce has not opted to seek interlocutory review; (2) 30 days after the Fifth Circuit refuses to consider the appeal in an interlocutory fashion if Salesforce opts to appeal; or (3) 60 days after the Fifth Circuit issues its ruling if Salesforce appeals and the Fifth Circuit accepts the case for interlocutory review. Counsel are to file a joint report in 60 days to inform the Court of the status of the case. If an appeal is taken, the parties need not comply at this time with the Court's Order to meet and confer regarding a proposed scheduling order.

Signed this 21st day of November 2023.

Andrew S. Hanen
United States District Judge