Case 4:20-cv-01254   Document 247   Filed on 10/28/25 in TXSD   Page 1 of 9

United States District Court
Southern District of Texas
**ENTERED**
October 28, 2025
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| A.B., an individual, et al., | § | |
| | § | |
| *Plaintiffs*, | § | |
| VS. | § | CIVIL ACTION NO. 4:20-CV-01254 |
| | § | |
| SALESFORCE, INC., | § | |
| | § | |
| *Defendant*. | § | |

## ORDER

Pending before this Court is Defendant's Motion to Stay Proceedings Pursuant to 18 U.S.C. §§ 1595(b), 3509(k) (Doc. No. 228). Defendant Salesforce, Inc. ("Salesforce") requests this Court to stay this entire proceeding due to ongoing criminal proceedings across the country in *United States v. Lacey*, No. 2:18-CR-00422 (D. Ariz.), *United States v. Backpage.com*, No. 2:18-CR-465 (D. Ariz.), *United States v. Hyer*, No. CR-18-422 (D. Ariz.), *United States v. Ferrer*, No. 2:18-CR-464 (D. Ariz.), *People v. Lacey*, No. 16FE024012 (Sacramento Sup. Ct.), and *People v. Ferrer*, No. 16FE024013 (Sacramento Sup. Ct.). During the pendency of this Motion, a few of these cases reached final adjudications. Nevertheless, the Court holds that 18 U.S.C. § 1595(b) requires this Court to stay the entire proceeding until a final adjudication is reached in *United States v. Lacey*, No. 2:18-CR-00422 (D. Ariz.).

### I. FACTUAL BACKGROUND

This case was brought by victims of an extensive online sex trafficking scheme, facilitated by the communication pages on Backpage.com. (Doc. No. 96).[1] As early as 2008, Backpage.com

---

[1] Parties agreed to consolidate multiple related cases in 2021. (Doc. No. 114). Plaintiffs did not file a consolidated complaint, but all Plaintiffs jointly referenced and incorporated the Fourth Amended

was identified as a source of a widespread sex trafficking network. (*Id.* at ¶ 55). The Government announced that Backpage.com earned "over 99% of its revenue from online sex trafficking" from 2013 to 2015. (*Id.* at ¶ 57). Plaintiffs allege that this online network was facilitated by Defendant Salesforce, Inc., a technology company that partnered with Backpage.com to improve the website. (*Id.* at ¶¶ 64–71). The Complaint alleges that Salesforce had knowledge that Backpage.com was predominantly used by online sex traffickers and continued to provide its own advanced software that improved the website, added features like SMS messages, and expanded marketing campaigns to boost revenue. (*Id.* at ¶¶ 72–85). Plaintiffs sued Salesforce under the Trafficking Victims Protection Reauthorization Act, Texas Civil Practices and Remedies Code Chapter 98, negligence, gross negligence, and civil conspiracy for their alleged facilitation of online sex trafficking on Backpage.com. (*Id.* at ¶¶ 114–34). Salesforce filed this Motion to invoke the mandatory stay during the pendency of ongoing criminal proceedings for related cases under the Trafficking Victims Protection Reauthorization Act. *See* 18 U.S.C. § 1595(b).

## II.   LEGAL STANDARD

The Trafficking Victims Protection Reauthorization Act provides a civil cause of action to sex trafficking victims against "the perpetrator (or whoever knowingly benefits, or attempts or conspires to benefit, financially or by receiving anything of value from participation in a venture which that person knew or should have known has engaged in an act in violation of [the TVPRA])." 18 U.S.C. § 1595(a). Recognizing the sensitivity of these civil lawsuits, the TVPRA also states that "any civil action . . . shall be stayed during the pendency of any criminal action arising out of the same occurrence in which the claimant is the victim." *Id.* at § 1595(b)(1). A "'criminal action'

---

Complaint (Doc. No. 96) at the summary judgment stage. *See, e.g.*, (Doc. No. 169). For the purposes of this Order, the Court will enumerate facts alleged in this Complaint.

includes investigation and prosecution and is pending until final adjudication in the trial court." *Id.* at § 1595(b)(2). The stay is a "mandatory obligation" for the entire action if "(1) a criminal action or investigation is pending; (2) the criminal action arises "out of the same occurrence" as the civil action; and (3) the plaintiff in the civil action is the victim of an occurrence that is the same in the civil and criminal proceedings." *Doe 1-10 v. Fitzgerald*, 102 F.4th 1089, 1098 (9th Cir. 2024).

### III.  ANALYSIS

Salesforce requests this Court to enforce the mandatory stay provision in 18 U.S.C. § 1595(b)(1).[2] Salesforce argues that the pending criminal actions involving the same sex trafficking scheme make this stay mandatory under the statute. Plaintiffs oppose the stay and argue that Backpage.com and its officials—not Salesforce—are involved in the criminal actions and thus, the Court should not stay this civil case against Salesforce. The Court separately addresses each element of the § 1595(b) stay provision.

#### A. Salesforce has demonstrated that one federal criminal action remains pending.

The Court must determine whether any of the references criminal actions are pending under the definition provided in § 1595(b)(2). Salesforce references six pending criminal actions that they argue must invoke the mandatory stay provision. *United States v. Lacey*, No. 2:18-CR-00422 (D. Ariz.); *United States v. Backpage.com*, No. 2:18-CR-465 (D. Ariz.); *United States v. Hyer*, No. CR-18-422 (D. Ariz.); *United States v. Ferrer*, No. 2:18-CR-464 (D. Ariz.); *People v. Lacey*, No.

---

[2] One of the consolidated cases involves a minor, implicating the protections for minor victims under 18 U.S.C. § 3509. *Jane Doe v. Salesforce, Inc.*, No. 4:21-CV-02856 (Doc. No. 1 at 20). Like the other Plaintiffs, her claims were brought under the Trafficking Victims Protection Reauthorization Act. 18 U.S.C. § 1595. *Id.* at (Doc. No. 1 at 22). Although § 3509(k) includes an automatic stay provision, which Salesforce has cited in support of its Motion, the Court need only address the applicability of § 1595(b)(1) to resolve the pending issue.

3

16FE024012 (Sacramento Sup. Ct.); and *People v. Ferrer*, No. 16FE024013 (Sacramento Sup. Ct.). In order to implicate the mandatory stay, the criminal action "includes investigation and prosecution and is pending until final adjudication in the trial court." 18 U.S.C. § 1595(b)(2). The Court finds that Salesforce only showed that one of these cases, *United States v. Lacey*, meets the definition.

Salesforce listed *United States v. Lacey*, No. 2:18-CR-00422 (D. Ariz.) as one of the pending criminal actions that triggers the mandatory stay. This criminal action was brought against Michael Lacey, one of the founders of Backpage.com, for his alleged involvement in the online sex trafficking scheme. The Superseding Indictment describes the details of how Backpage.com facilitated the online scheme, including the sale of advertisements to human traffickers. *Lacey*, No. 2:18-CR-00422 (Doc. No. 230 at ¶¶ 33–34). In 2023, the government brought the case to trial, but the district court ordered a mistrial. (Doc. No. 228-1 at App. 40). In 2024, the government filed a notice of their intent to retry Lacey on all 84 counts against him. (*Id.*). Lacey is the last of seven co-defendants to reach final adjudication and continues to await a new trial date. *See, e.g.*, (*Id.* at App. 45–47 (discussing Lacey's pretrial bail conditions)). Under the plain text of 18 U.S.C. § 1595(b)(2), this criminal action is still pending, and no final adjudication has been reached. This case satisfies the first element of the mandatory stay provision.

While Salesforce's Motion was pending in this Court, final adjudications were reached in the other federal cases cited by Salesforce. In *United States v. Backpage.com*, No. 2:18-CR-465 (D. Ariz.), the district court sentenced Defendant Backpage.com on September 9, 2025. *Backpage.com*, No. 2:18-CR-465 (Doc. No. 187). In *United States v. Hyer*, No. CR-18-422 (D. Ariz.), the district court sentenced Defendant Dan Hyer on September 9, 2025. *Hyer*, No. CR-18-422 (Doc. No. 2388). Hyer waived his right to appeal or to collaterally attack the criminal action.

*Id.* In *United States v. Ferrer*, No. 2:18-CR-464 (D. Ariz.), the district court sentenced Defendant Carl Ferrer on September 9, 2025. *Ferrer*, No. 2:18-CR-464 (Doc. No. 180). Ferrer waived his right to appeal or to collaterally attack the criminal action. *Id.* Since these criminal defendants have been sentenced, these criminal actions have reached final adjudication and do not meet the definition of "pending" under 18 U.S.C. § 1595(b)(2). *Lunkes v. Yannai*, 882 F.Supp.2d 545, 549 (S.D.N.Y. July 17, 2012) ("[I]nterpreting 'final adjudication' to refer to sentencing and entry of judgment is consistent with the purpose and legislative history of Section 1595."). Thus, these criminal actions cannot implicate the stay provision and have no effect on this case.

Salesforce also referenced two California state cases against Michael Lacey and Carl Ferrer—two of the same defendants in the federal cases mentioned above. *People v. Lacey*, No. 16FE024012 (Sacramento Sup. Ct.); and *People v. Ferrer*, No. 16FE024013 (Sacramento Sup. Ct.). While Salesforce attached screenshots of the state court docket to their Motion (Doc. 228-1 at App. 58–69), the Court does not have access to these state filings and Salesforce did not provide the contents of any filings. Without actual evidence that the cases are pending or involve correct defendants, the Court cannot assess the applicability to the stay provision. Other jurisdictions with nearly identical cases to this one have held similarly. *See, e.g.*, *A.S. v. Salesforce, Inc.*, No. 3:23-CV-1039-B (N.D. Tex. Oct. 21, 2025) (Doc. No. 179 at 5) (explaining that screenshots of the docket in these two cases do not provide enough information to make the stay determination under § 1595). The Court holds that without further information, these state criminal actions do not have an effect on this case.

### B. The *Lacey* criminal action "arises out of the same occurrence" as this case.

Having determined that the criminal action in *United States v. Lacey*, No. 2:18-CR-00422 (D. Ariz.) is pending for the purposes of § 1595(b), the Court now turns to whether the *Lacey*

5

action "arises out of the same occurrence" of the claims here. The mandatory stay in § 1595(b)(1) only applies if the pending criminal action "aris[es] out of the same occurrence in which the claimant is the victim." 18 U.S.C. § 1595(b)(1). The statutory requirement of the 'same occurrence' does require more than inferences from similar-sounding allegations. *Doe v. Aylo Global Entertainment Inc.*, 2023 WL 8884400, at *2 (C.D. Ca. Nov. 29, 2023). "A clear connection" between the events alleged in the indictment and the civil complaint is sufficient to establish that the cases arise out of the same occurrence. *Fitzgerald*, 102 F.4th at 1100. Nevertheless, this element does not require that the pending criminal action and the civil case have the same defendants. *Id.* at 1099 (holding that because "§ 1595(b)(1) refers only to the identity of victims, not of perpetrators," there is no requirement that the defendants in the cases must be the same).

The *Lacey* Superseding Indictment ("Indictment") details the investigation into Backpage.com, as well as the seven co-defendants (including Michael Lacey, one of the founders of Backpage.com). *See generally Lacey*, No. 2:18-CR-00422 (Doc. No. 230). The Indictment alleges that Lacey was aware that the "vast majority of the 'adult' and 'escort' ads appearing on Backpage were actually ads for prostitution" and "took steps to intentionally facilitation that illegal activity. *Id.* at 3. Lacey and the other defendants allegedly contributed to this scheme by "creating free ads for prostitutes in an attempt to secure future advertising revenues from them . . ., entering into formal business arrangements with known prostitution services and websites in an attempt to increase the volume of prostitution advertisements being posted on Backpage . . ., and sanitizing ads by editing them—specifically, removing terms and pictures that were particularly indicative of prostitution and then publishing a revised version of the ad . . . ." *Id.* at 9. The Indictment provides "select victim summaries" that describe the effects of the Backpage.com operation on sex trafficking victims. *Id.* at 40–44. The Indictment charges Lacey and the other defendants with

conspiracy, violations of the Travel Act by facilitating prostitution, concealment of money laundering, and international promotion and concealment of money laundering. *See generally id.*

In this case, the Complaint (adopted by all consolidated Plaintiffs) outlines the details of the Backpage.com scheme. The Complaint, originally filed against both Salesforce and Backpage.com, alleges that the Plaintiffs were "sold for sex through force, fraud, and coercion" due to the roles of Salesforce and Backpage.com. (Doc. No. 96 at 2). The Complaint alleges that "Salesforce provided Backpage with the tools, support and resources Backpage needed to operate and grow," including "marketing tools and automation power that enable Backpage to reach more and more traffickers and sex trafficking victims. (*Id.*). Specifically, the Complaint alleges that "Salesforce also provided Backpage with capabilities and support for direct marketing campaigns, coupled with information gathering such as ad clicks and tracking internet activity of sex traffickers to 'help [Backpage] manage and track the effectiveness of [Backpage's] marketing efforts.'" (*Id.* at 11).

The root of the pending criminal action and this case are the same: Backpage.com generated revenue from illegal sex trafficking advertisements, and the Backpage.com interface harmed victims of sex trafficking. The only difference is that the *Lacey* action indicted Michael Lacey, and this civil action is against Salesforce. While Plaintiffs argue that this difference is dispositive in order to deny the stay, the "same occurrence" test does not require identical defendants. *Fitzgerald*, 102 F.4th at 1100 (holding that the defendants do not have to be the same to invoke the § 1595(b) stay because indictments are within the government's sole discretion). Although the criminal action solely focuses on Backpage.com and its employees, there is a "clear connection" between the advertising scheme described in the *Lacey* Indictment and the advertising

7

scheme described in the live Complaint. The Court holds that the *Lacey* criminal action and this case "arise out of the same occurrence" for the purposes of § 1595(b).

### C. Plaintiffs are allegedly victims of the same advertising scheme.

Lastly, the Court must address whether the Plaintiffs are victims of the Backpage.com advertisement scheme. Section 1595(b) requires that a civil action must be stayed "during the pendency of any criminal action arising out of the same occurrence *in which the claimant is the victim.*" 18 U.S.C. § 1595(b)(1) (emphasis added). Throughout the Complaint, Plaintiffs allege that they were victims of the Backpage.com advertisement scheme, which promoted advertisements for sex trafficking. *See generally* (Doc. No. 96). Specifically, Plaintiffs allege that Salesforce violated the Trafficking Victims Protection Reauthorization Act by "enabling Backpage" to "gather[] and manag[e] information from traffickers' and pimps' social media activity," "develop[] an infrastructure for a trafficker and pimp database," "generat[e] insights into traffickers' and pimps' purchasing habits to help Backpage understand the traffickers better," "improv[e] the solicitation of sales opportunities to traffickers and pimps for Backpage," and "duplicat[e] [the] operating system to evade law enforcement." (*Id.* at 13–14). As a result of this non-exhaustive list of actions, Plaintiffs were "trafficked by advertisements on Backpage" and "suffered significant physical and emotional injuries." (*Id.* at 13). These allegations are sufficient to show that Plaintiffs are allegedly victims of the same occurrence alleged in the *Lacey* Indictment for the purpose of the mandatory stay under § 1595(b).

Under the plain text of the statute, the pendency of the Michael Lacey's new trial, the allegations listed in the *Lacey* Indictment, and the allegations on the fact of the Complaint in this action, this Court must impose a stay in this civil proceeding until the *Lacey* action reaches final adjudication.

## IV. CONCLUSION

For the foregoing reasons, the Defendant's Motion to Stay Proceedings is **GRANTED**. It is further **ORDERED** that this cause of action is administratively (statistically) closed. The parties may move to reinstate the case on the court's active docket at such time final adjudication is reached in *United States v. Lacey*, No. 2:18-CR-00422 (D. Ariz.). A copy of this Order shall be attached as an exhibit to any motion to reinstate.

All other pending motions (Doc. Nos. 235, 236, 237, 240, and 245) are denied without prejudice, and the motions may be refiled at the time this case is reopened.

It is so ordered.

Signed on this the 28th day of October 2025.

Andrew S. Hanen
United States District Judge