**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| A.B., an individual, et al., | § § | |
| *Plaintiffs*, | § § | |
| v. | § § | CIVIL ACTION NO. 4:20-CV-01254 |
| SALESFORCE, INC., | § § | |
| *Defendant*. | § § § | |

**OPPOSITION OF DEFENDANT SALESFORCE, INC. TO PLAINTIFFS'
MOTION FOR RECONSIDERATION OF ORDER GRANTING STAY**

## INTRODUCTION

Plaintiffs improperly seek a do-over of a ruling that the statute compels. "Shall be stayed" means shall be stayed. Section 1595(b) requires courts to stay any civil action brought under 18 U.S.C. § 1595(a) during the pendency of a criminal action arising out of the same occurrence in which the claimant is the victim. 18 U.S.C. § 1595(b)(1). This Court properly applied Section 1595(b) to stay this case, reaching the same conclusion as did Judge Jane Boyle in similarly staying a nearly identical set of actions against Salesforce pending in the Northern District of Texas. *A.S. v. Salesforce, Inc.*, Case No. 3:23-CV-1039-B (S.D. Tex.), Dkt. 179 (Supp. App. at 70–82); *S.M.A. v. Salesforce, Inc.*, Case No. 3:23-CV-0915-B (S.D. Tex.), Dkt. 105 (Supp. App. at 83–95). Now, a third federal judge, Judge Steven D. Merryday, has similarly stayed a nearly identical set of actions against Salesforce in the Middle District of Florida. *See I.H. v. Salesforce, Inc.*, Case No. 8:24-CV-01678-SDM (M.D. Fla. Dec. 1, 2025), Dkt. 282 (Supp. App. at 96–98). Plaintiffs' recycled assertions provide no reason for this Court to reverse its stay order and thereby place itself in conflict with these federal court rulings.

***First***, reconsideration is an exceptional remedy, the requirements for which are nowhere close to being met here. It is not a vehicle to "rehash[] old arguments or advanc[e] theories of the case that could have been presented earlier." *United States ex rel. Frey v. Health Mgmt. Sys., Inc.*, 2023 WL 3936680, at *1 (N.D. Tex. June 8, 2023). Yet that is all Plaintiffs have done. Their motion presents no new law or new facts, nor does it contend that the Court overlooked arguments they made previously. Instead, Plaintiffs reargue the same points they made in their oppositions to Salesforce's original stay motion. Among others, they advance repackaged versions of their prior arguments based on the text and legislative history of Section 1595(b), as well as their prior efforts to distinguish *Doe 1-10 v. Fitzgerald*, 102 F.4th 1089 (9th Cir. 2024). But there is nothing

new in any of these arguments, and even if anything in them could be construed as different, any such points could and should have been made earlier. Given the absence of anything new, reconsideration is unwarranted.

*Second*, both this Court and Judge Boyle correctly recognized that these cases meet all the elements for a mandatory stay under Section 1595(b). Plaintiffs do not dispute that a related criminal matter is pending. *See United States v. Lacey*, Case No. 2:18-CR-00422 (D. Ariz. Jan. 3, 2025), Dkt. 2294 (App. at 44–47). The federal prosecution against Backpage co-founder Michael Lacey remains active, with retrial proceedings ahead. And these actions "arise out of the same occurrence" as do the *Lacey* charges. Plaintiffs in this case assert that Backpage knowingly allowed its site to be used to advertise persons for commercial sex and that Salesforce is secondarily liable for providing CRM software to a Backpage affiliate while allegedly on notice of Backpage's alleged unlawful scheme. The criminal cases concern the very same alleged Backpage advertising scheme and revenue model. The overlap is factual, not formalistic. And Section 1595(b) does not require identical charges, parties, or elements—only the same occurrence. The law is also clear that Plaintiffs are "victims" of that occurrence even if they are not formally named in an indictment. Courts consistently hold that a plaintiff need not be individually named in the criminal charging papers where, as here, the criminal case targets the same trafficking and prostitution advertising scheme. Plaintiffs' atextual argument that a victim must be listed in an indictment is contrary to everyday federal criminal practice, which affords restitution and other rights to victims of schemes and conspiracies even though their names are not listed in the indictment.

*Finally*, Section 3509(k) provides an independent basis for the stay as to Plaintiff D.R., who alleges that she was trafficked while she was a minor. The statutory text of 18 U.S.C.

§ 3509(k) confirms that the mandatory stay provision applies when a related criminal case is pending, irrespective of whether the plaintiff continues to be a minor.

Plaintiffs' contrary arguments cannot overcome the mandatory text of Section 1595(b) and the relevant case law. This Court should deny the motion for reconsideration.

## ARGUMENT

### I. Plaintiffs' Reconsideration Motion Is Improper Because It Offers Nothing New

Plaintiffs point to neither new evidence nor any intervening change in the case law that would require this Court to reconsider its stay order. Instead, they merely "disagree with the Court's conclusions on the second and third elements" of their claims. Dkt. 249 at 3. Plaintiffs' reconsideration motion thus fails at the threshold because it just repeats the same arguments from their prior opposition to the initial stay motion. Motions for reconsideration cannot be used merely to "rehash[] old arguments or advanc[e] theories of the case that could have been presented earlier." *Viann'K Mansur LLC v. Estiloisabella LLC*, 2025 WL 3197877, at *3 (S.D. Tex. Oct. 21, 2025), *report and recommendation adopted*, 2025 WL 3194420 (S.D. Tex. Nov. 14, 2025) (quoting *Pulse Supply Chain Sols., Inc. v. Tagliamonte*, 2023 WL 5658929, at *2 (N.D. Tex. Aug. 31, 2023); *see also Nerium Skincare, Inc. v. Nerium Int'l, LLC*, 2017 WL 7052281, at *3 (N.D. Tex. May 12, 2017) ("Plaintiffs[] merely point to the same evidence and raise the same arguments the Court previously found inconclusive and unpersuasive."). But rehashed arguments are all Plaintiffs advance—and this Court and Judge Boyle correctly rejected each of these rehashed arguments in entering the Section 1595(b) stay.

*Same Occurrence.* Plaintiffs first argue (at 4–6) that this matter does not arise from the same "occurrence" as the *Lacey* action because the *Lacey* indictment charges defendants with facilitating prostitution and not sex trafficking. But this is nothing more than a repackaged version

3

OPPOSITION OF DEFENDANT SALESFORCE TO MOTION FOR RECONSIDERATION

of Plaintiffs' argument in their opposition to Salesforce's stay motion that the *Lacey* case "does not closely parallel" the civil matter and thus did not "arise from the 'same occurrence.'" Dkt. 234 at 5. This Court correctly rejected this argument, holding that the case arises from the "same occurrence" because the "root of the pending criminal [*Lacey*] action and this case are the same: Backpage.com generated revenue from illegal sex trafficking advertisements, and the Backpage.com interface harmed victims of sex trafficking." Dkt. 247 at 7. Judge Boyle concluded the same, finding that "there is a core factual overlap" between this action and the *Lacey* action as both allege "Backpage knowing[ly] facilitate[ed] … commercial sex activity." *A.S.*, Dkt. 179 at 8 (Supp. App. at 78); *S.M.A.*, Dkt. 105 at 8 (Supp. App. at 91).

Plaintiffs also argue (at 4–6), as they did previously, Dkt. 234 at 5–6; Dkt. 230 at 7–9, that the word "occurrence" should be read to refer only to their alleged personal trafficking circumstances, not the broader Backpage advertising scheme they themselves invoke. But as both this Court and Judge Boyle recognized, this element of Section 1595(b) is met when the civil complaint and the criminal indictment turn on the same alleged scheme of which the named plaintiff is a victim—there is no need to show that the same individual plaintiff's circumstances are specifically alleged or proven up in the criminal case. Dkt. 247 at 7; *S.M.A.*, Dkt. 105 at 8–10 (Supp. App. at 91–93); *A.S.*, Dkt. 179 at 8–10 (Supp. App. at 78–80); *accord Bradberry v. Abercrombie & Fitch Co.*, 2024 WL 4604508, at *2 (S.D.N.Y. Oct. 29, 2024) (granting stay where plaintiff's complaint and the criminal indictment concerned the same "sex-trafficking scheme" that victimized "young men"). Plaintiffs' new argument on this point is nothing more than a rehash of the correct conclusions already reached by this Court and Judge Boyle, and do not provide a basis for reconsideration.

Finally, Plaintiffs contend (at 4–6) that the text and legislative history of Section 1595(b) support their position, and they try to distinguish *Doe 1-10 v. Fitzgerald*, 102 F.4th 1089 (9th Cir. 2024), on the basis that the government intervened in that case. But again, these are the exact arguments that this Court and Judge Boyle rejected in ruling on the stay motions previously. In their opposition, Plaintiffs argued that "[n]othing in [the] text or history" of the TVPRA "supports extending a stay to unrelated prosecutions involving different named parties and different statutes," and that "Defendant's reliance on *Doe 1–10 v. Fitzgerald*, 102 F.4th 1089, 1099 (9th Cir. 2024), is similarly misplaced." Dkt. 234 at 4–5. Judge Boyle disagreed with both points, citing *Fitzgerald* and noting that "[w]hatever the legislative history might suggest, the statute itself contains no such limitation" meaning that nothing in the text of the statute suggests that "pending criminal charges are only relevant if they are criminal sex trafficking charges under the TVPRA against identical defendants." *S.M.A.*, Dkt. 105 at 8 (Supp. App. at 91); *A.S.*, Dkt. 179 at 8 (Supp. App. at 78). The court further noted that "courts have issued the mandatory stay where … the criminal charges are not under the TVPRA." *S.M.A.*, Dkt. 105 at 8 (Supp. App. at 91); *A.S.*, Dkt. 179 at 8 (Supp. App. at 78) (quoting *Fitzgerald*, 102 F.4th at 1099 (citation omitted) (because § 1595(b)(1) "refers only to the identity of victims, not of perpetrators" it does not require identical charges or defendants)). And this Court similarly interpreted Section 1595(b) and considered the applicability of *Fitzgerald* and concluded all the elements of a stay are met. Dkt. 247 at 6–7, 9. Plaintiffs offer no new justification to disturb this conclusion.

***Same Victims***. In their oppositions to Salesforce's original stay motion, Plaintiffs argued that "the federal prosecution pending in Arizona does not specifically reference or include these Plaintiffs." Dkt. 234 at 7; Dkt. 230 at 9 ("the federal action pending in Arizona does not involve DR, nor is she the victim in the criminal case."). Plaintiffs now reassert the same argument,

"respectfully disagree[ing]" with this Court's holding that a civil claimant need not be named in the criminal indictment to qualify as the same victims for the purposes of Section 1595(b). Dkt. 249 at 3. Plaintiffs contend that this Court's ruling was wrong because, as they state it, "[i]f the victim is not specifically identified in the indictment, then the statute's reference to 'the victim' loses any meaning." *Id.* at 7. But this Court's ruling on this point was correct because, as the Court noted, the *A.B.* and the *Lacey* actions involved the same victims (even though the *A.B.* plaintiffs were not named in the indictment) because Plaintiffs themselves alleged—as they did here—that they were "victims of the same occurrences alleged in the *Lacey* indictment for the purposes of the mandatory stay under § 1595(b)." Dkt. 247 at 8. Judge Boyle rejected the same argument, noting that noting in the statutory text requires "that the victim is specifically named or identified in the criminal indictment." *S.M.A.*, Dkt. 105 at 9 (Supp. App. at 92); *A.S.*, Dkt. 179 at 9 (Supp. App. at 79). She held that "[a]lthough the Superseding Indictment references only some victims, the indictment calls the references 'select victim summaries,' suggesting that all who fell prey to the defendants' scheme are included among the victims of the conspiracy." *S.M.A.*, Dkt. 105 at 10 (Supp. App. at 93); *A.S.*, Dkt. 179 at 10 (Supp. App. at 80). So any victim of that scheme or conspiracy, under the plain terms of the statute, would be covered as a "victim" under Section 1595(b). *S.M.A.*, Dkt. 105 at 19 (Supp. App. at 92).

***Timeliness Arguments***. Finally, Plaintiffs once again assert, as they did before, that Salesforce's stay motion was "untimely" and "belated" and reflected "gamesmanship" because Salesforce could have brought the motion earlier. Dkt. 249 at 9. But Plaintiffs made this exact argument before, arguing that Salesforce's motion to stay was "belated," "untimely," and a product of "gamesmanship." Dkt. 234 at 2. And this Court correctly refused to impose this additional, atextual timeliness element, reading "the plain text of the statute" to mean that "this Court *must*

impose a stay in this civil proceeding." Dkt. 247 at 8 (emphasis added). Judge Boyle also correctly refused to impose this additional element, finding that "the Court is *required* to impose a stay as to this entire case" when "the elements for imposing a mandatory stay are met." *S.M.A.*, Dkt. 105 at 11 (Supp. App. at 94) (emphasis added); *A.S.*, Dkt. 179 at 11 (Supp. App. at 81).

\*   \*   \*

Because Plaintiffs offer nothing but already-made-and-rejected arguments, offer no new facts, and point to no intervening change in the law, this Court should follow its precedents and deny the motion for reconsideration. To the extent any of Plaintiffs' arguments could be considered "new"—which they cannot—any such arguments could and should have been raised earlier and not in a reconsideration motion. This Court consistently declines motions to reconsider "which … without justification, raise new arguments for the first time." *DAC Surgical Partners P.A. v. United Healthcare Servs., Inc.*, 2017 WL 3484507, at \*2 (S.D. Tex. Aug. 14, 2017); *Caramba, Inc. v. Nationwide Mut. Fire Ins. Co.*, 2021 WL 259388, \*3 (S.D. Tex. Jan. 26, 2021) (rejecting reconsideration motion for citing to record evidence not relied on in the original motion).

## II. The Court's Prior Rulings on the Points Raised by Plaintiffs' Motion Were Correct

Even if the Court were to address the merits of Plaintiffs' recycled arguments, it should not change its prior rulings. Because this Court correctly applied the plain text of the statute and the robust body of precedent construing it, the Court need not and should not alter its well-reasoned and well-supported order.

Section 1595(b) provides that "[a]ny civil action filed under subsection (a) shall be stayed during the pendency of any criminal action arising out of the same occurrence in which the claimant is the victim." 18 U.S.C. § 1595(b)(1). This is a "mandatory obligation on the district court," and it applies to the entire action. *Fitzgerald*, 102 F.4th at 1098. When "(1) a criminal

action or investigation is pending; (2) the criminal action arises 'out of the same occurrence' as the civil action; and (3) the plaintiff in the civil action is the victim of an occurrence that is the same in the civil and criminal proceedings," the court has no discretion to permit claims brought under 18 U.S.C. § 1595 to proceed. *Id.*; *see also Hernandez v. Patricio*, 2024 WL 4751298, at *2 (S.D. Ga. Oct. 24, 2024) (stays under Section 1595(b) are "[m]andatory").

Plaintiffs do not contest that the first element is met. And their rehashed arguments against the second and third elements fail, as both this Court and Judge Boyle recognized in rejecting them the first time. Because all three elements are met, the Court correctly stayed this action under Section 1595(b).

***Criminal Actions Are Pending.*** A "criminal action" "includes investigation and prosecution and is pending until final adjudication in the trial court." 18 U.S.C. § 1595(b)(2). The first element of the mandatory stay is clearly met: As the Court found previously, the federal prosecution against Backpage co-founder Michael Lacey remains pending with retrial proceedings ahead. *See* Dkt. 228 at 7–8; *United States v. Lacey*, Case No. 2:18-CR-00422 (D. Ariz.), Dkt. 2294 (App. at 44–47). Plaintiffs do not contest that this element is met.

***The Criminal Proceedings and These Actions Arise from the Same Occurrence.*** The second element of the mandatory stay is met because this case turns on the same factual occurrence at issue in *Lacey*: Backpage's alleged scheme to monetize and knowingly facilitate third-party ads offering individuals for commercial sex. *See* Dkt. 228 at 9–11; *compare* Dkt. 96 ¶¶ 55–57, 116, *with United States v. Lacey*, No. 2:18-CR-00422, Dkt. 230 (D. Ariz.). As this Court and Judge Boyle correctly recognized in granting Salesforce's stay motions, Plaintiffs' theory that Salesforce should be liable for Backpage's alleged wrongdoing turns on the same allegations that the

Case 4:20-cv-01254   Document 250   Filed on 12/01/25 in TXSD   Page 10 of 19

government advanced in the *Lacey* prosecution. Dkt. 247 at 7–8; *see also A.S.*, Dkt. 179 (Supp. App. at 70–82); *S.M.A.*, Dkt. 105 (Supp. App. at 83–95).

As noted above, Plaintiffs once again contend that *Lacey* cannot serve as the basis for a stay because it charged the Backpage defendants with facilitating prostitution, rather than criminal sex trafficking. But, as this Court's stay order made clear, Section 1595(b) does not require that the criminal action involve an identical statute or charge. It requires that the two actions arise "out of the same occurrence" and involve the same *victim*—not the same charges, claims, legal theories, or parties. 18 U.S.C. § 1595(b)(1). Courts applying Section 1595(b)—including both this Court and Judge Boyle—have looked to whether the two actions arise out of the same alleged facts, not the legal theories asserted in each proceeding. *See* Dkt. 247 at 5–8; *S.M.A.*, Dkt. 105 at 7–8 (Supp. App. at 90–91)*; see also, e.g., Doe v. Athens County*, 2022 WL 1569979, at *1 (S.D. Ohio May 18, 2022) (what matters is "the identity of the claimant-victim and the *conduct at issue* in the civil and criminal actions") (emphasis added).

Plaintiffs also argue, as they did previously, that Congress's use of the singular term "occurrence"—as opposed to "occurrences," "enterprise," "scheme," or "venture"—necessarily refers only to their alleged personal trafficking circumstances, not the broader Backpage advertising scheme that they invoke in their pleadings. Dkt. 249 at 5. But the word "occurrence" is a legal term of art that generally is read broadly to include a scheme, conspiracy, or continuing event. As the Fifth Circuit observed in construing the term "occurrence" as used in the Class Action Fairness Act, *see* 28 § 1332(d)(11)(B)(ii)(I), "the meaning of 'event' or 'occurrence' is not necessarily constrained to a specific incident with a fixed duration of time." *Rainbow Gun Club, Inc. v. Denbury Onshore, LLC*, 760 F.3d 405, 409 (5th Cir. 2014). An occurrence "need not be precisely confined to a moment in time" but can be a "continuing condition." *Id.* An occurrence

OPPOSITION OF DEFENDANT SALESFORCE TO MOTION FOR RECONSIDERATION

"may also be constituted by a pattern of conduct in which the pattern is consistent in leading to a single focused event that culminates in the basis of the asserted liability." *Id.* at 412. In short, the broader scheme alleged by Plaintiffs—the pattern or conduct—produced the injuries they have alleged in this action. The occurrence is the continuing condition of the alleged sex trafficking venture.

The plain meaning of "occurrence" clearly encompasses a scheme or venture, which is why both this Court and Judge Boyle recognized that Section 1595(b) is triggered when a civil complaint and an indictment turn on the same alleged scheme of which the named Plaintiff is a victim, not merely individual circumstances. *See* Dkt. 247 at 7; *S.M.A.*, Dkt. 105 at 8–10 (Supp. App. at 91–93); *A.S.*, Dkt. 179 at 8–10 (Supp. App. at 78–80); *accord Bradberry*, 2024 WL 4604508, at *2 (granting stay where plaintiff's complaint and criminal indictment concerned same "sex-trafficking scheme" that victimized "young men"). For example, the court in *Florida Abolitionist* stayed a case involving substantially similar Backpage-related allegations to those alleged here, rejecting the plaintiffs' argument that the occurrences were not the same. *Florida Abolitionist, Inc. v. Backpage.com* No. 6:17-CV-218 (M.D. Fla.), Dkt. 159 at 3 (App. at 13). The court reasoned that the "same occurrence" element was met because, as here, the allegations against Backpage were "sweeping, systematic practices that allegedly harmed many victims in the same fashion." *Id.*

Plaintiffs' convoluted and largely unsupported assertions about the purpose and legislative history of the TVPRA cannot change the mandatory command of Section 1595(b). *See Barr v. Sec. & Exch. Comm'n*, 114 F.4th 441, 452 (5th Cir. 2024), *cert. denied sub nom. Barr v. SEC*, 2025 WL 2823795 (U.S. Oct. 6, 2025 ("'[T]he best guide to what Congress intends' in a statute is 'what Congress says in [the] statute's text,' and 'a statute's purpose may not override its plain

language.'" (citations omitted)). That text uses the broad term "occurrence," speaks in mandatory language, and says nothing that supports Plaintiffs' view that only an individual plaintiff's circumstances may be considered in applying Section 1595(b).

Nor does the supposed "statutory history" or legislative history Plaintiffs cite support their arguments (at 5) that Congress, in the 2018 amendments to the TVPRA, somehow evinced an intent generally to expand or remove obstacles to civil claims under the statute or, more specifically, somehow clarified that the relevant occurrence must involve a specific plaintiff. Nothing in the cited history supports Plaintiffs' interpretation of the 2018 amendments to subsections (b) and (d), and unsurprisingly, they provide no support for their arguments.

As for the actual 2018 amendments to Section 1595, Congress added a new subsection (d) to allow state attorneys general to bring civil enforcement actions—but that amendment did not change, much less expand, the existing provision for private civil actions like the one here. Pub. L. 115-64 § 6, Apr. 11, 2018, 132 Stat. 1255. Indeed, the operative phrases—"same occurrence," "shall be stayed," "pending until final adjudication"—remained unchanged. *See id*. Nor did the new definition of "participation in a venture" in any way expand civil enforcement—in fact, it narrowed the definition of what constitutes culpable participation to encompass only actions that directly facilitate or assist the actual trafficking. *Id.* § 5, Apr. 11, 2018, 132 Stat. 1255.

Plaintiffs also completely misread the 2018 amendment to Section 1595(b), which was a "technical and conforming amendment" that changed the wording of 1595(b)(1) from "this section" to filed under "subsection (a)" to ensure that the stay provision that already existed in subsection (b) did not carry over to the new section (d) that created the new civil action by state attorneys general. *See* Pub. L. 115-64 § 6, Apr. 11, 2018, 132 Stat. 1255. Before the addition of subsection (d), there was no need to specify that the stay provision applied only to actions brought

under subsection (a), because that was the only subsection of "this section" (the pre-amendment language) that authorized a cause of action and thus could be the subject of a stay. So the statutory change from "this section" to "subsection (a)" changed nothing relevant here, as Plaintiffs sued under subsection (a) of Section 1595. *See* Dkt. 96.

In short, Plaintiffs' fail to cite any support—in the legislative history, statutory history, case law, or otherwise—for their contentions that the 2018 changes to the TVPRA were made "to facilitate the development of civil causes of action and to protect such actions from being improperly delayed while also protecting criminal defendants' rights against self-incrimination," or that "Congress would not, and did not, create a scenario in which a single unnamed and unidentified victim could impede a larger enforcement action." Dkt. 249 at 5. And Plaintiffs' general arguments about the statute's alleged purpose are not only unsupported, but ineffective to alter the plain language of the statute. *See Barr*, 114 F.4th at 452.

***Plaintiffs Are Victims of That Occurrence and Need Not Be Named in the Indictment.*** The third element of the mandatory stay is met because Plaintiffs allege that they are victims of the overall alleged trafficking scheme at issue in the *Lacey* action. *See* Dkt. 228 at 11.

Plaintiffs' grammatical arguments miss the forest for the trees. They argue that the definite article in "the victim" requires that each civil plaintiff be specifically identified in the criminal docket. But nothing in the text of Section 1595(b) requires the victim to be specifically named in the charging instrument, and the background rules that Congress enacted to address such issues are to the contrary—specifying that, in construing federal statutes, "words importing the singular include and apply to several persons, parties, or things." *See* 1 U.S.C. § 1.

Plaintiffs cite no case or other precedent reading the term "victim" in Section 1595(b) to mean that the civil plaintiff must actually be named in the criminal indictment to support a stay.

That is not surprising, as courts applying the plain text of Section 1595(b), as this Court and Judge Boyle did here, consistently assess the overlap in conduct and injury, not to whether a particular victim appears in the indictment. *See* Dkt. 247 at 8; *S.M.A.*, Dkt. 105 at 9 (Supp. App. at 92) (citing *Florida Abolitionist*, Dkt. 159 at 3 (App. at 13)); *Jane Doe #14 v. Backpage.com LLC*, Dkt. 15 at 1 (App. at 2) ("Because Plaintiff's complaint relies, at least in part, on Defendants' alleged criminal conduct for which there are criminal actions pending … § 1595(b) mandates a stay in this case"); *see also Bradberry*, 2024 WL 4604508, at *3 (granting stay even though the civil plaintiff was "not one of the 15 specific John Does presented to the Grand Jury"); *Nesbitt v. Bemer*, 2018 WL 5619716, at *2 (D. Conn. Oct. 30, 2018) (granting stay even though defendant "did not allege [plaintiff] was named as a victim or otherwise mentioned in the criminal indictment, arrest warrant or in any discovery produced in the criminal case"). For example, in *Fitzgerald*, the Ninth Circuit looked to whether the plaintiffs' *complaint* alleged that they were victims of the scheme that gave rise to the criminal action—not whether the indictment named the plaintiffs. *See* 102 F.4th at 1101 ("[T]he complaint sufficiently alleges that some of the plaintiffs were victims in some of the same occurrences that gave rise to the criminal action.").

Plaintiffs' atextual reading of the word "victim"—that a person is a victim in a criminal trafficking case only if that person is listed by name in the indictment—would have astonishing and damaging consequences for trafficking victims. As the Court well knows, victims in criminal cases generally, and trafficking cases specifically, are entitled to restitution for "physical injury or pecuniary loss." 18 U.S.C. § 3663A(c)(1)(B); *see also* 18 U.S.C. § 1593. Indeed, although the government did not charge Backpage with violations of Section 1591, it did establish a restitution fund for Backpage trafficking victims. *See* https://www.backpageremission.com/en (last accessed Dec. 1, 2025). And victims have other rights in criminal cases such as the right to be notified

about the proceedings and an opportunity to be heard (by, for example, submitting a victim impact statement at sentencing). 18 U.S.C. § 3771. None of these rights depends on being listed in the indictment. Instead, a victim means "a person directly and proximately harmed as a result of the commission of an offense." 18 U.S.C. § 3663A(a)(2). And when a conspiracy is charged—as in *United States v. Lacey*, *see* No. 2:18-CR-00422, Dkt. 230 (D. Ariz.) (identifying still-pending conspiracy charges under 18 U.S.C. § 371 and 18 U.S.C. § 1956(h) against Lacey)—a victim is "any person directly harmed by the defendant's criminal conduct in the course of the scheme, conspiracy, or pattern." 18 U.S.C. § 3663A(a)(2). An indictment need not identify victims, *see United States v. Arlen*, 947 F.2d 139, 145 (5th Cir. 1991), and conspiracy counts with large numbers of victims rarely do so. Plaintiffs' view that only people listed in an indictment are victims of a crime would gut the robust protections for crime victims that Congress has enacted.

Plaintiffs' argument that the Court should not stay the case because the government submitted a filing of potential interest here but declined to request a stay is hard to understand, given this Court issued the stay. Further, Plaintiffs have already made this argument, which this Court correctly did not consider as it is not a requirement for a stay under Section 1595(b). *See* Dkt. 234 at 3, 5; Dkt. 247 at 2–3. Nothing has changed: the argument still goes beyond the scope of the requirements of Section 1595(b). As the Ninth Circuit persuasively held in *Fitzgerald*, "[t]he text of § 1595(b)(1) does not give the government special status when seeking a stay." 102 F.4th at 1101. Courts across the country routinely grant stays under 18 U.S.C. § 1595(b) even when the government has not intervened. *See, e.g.*, *Lunkes v. Yannai*, 882 F. Supp. 2d 545 (S.D.N.Y. 2012); *Doe v. Mindgeek USA Inc.*, 2021 WL 6618628 (C.D. Cal. Dec. 28, 2021); *Hernandez*, 2024 WL 4751298, at *2. Whether or not the government chose to intervene in this case does not change this Court's analysis of the elements required for a mandatory stay under

Section 1595(b). Similarly, the Crime Victims' Rights Act notice under 18 U.S.C. § 3771 has no bearing on the text of Section 1595(b). Dkt. 249 at 8. As *Fitzgerald* confirms, the government has no special status in stay motions—the court's task is to assess the statutory predicates, not to await the Department of Justice's views. 102 F.4th at 1101.

Finally, Plaintiffs' hyperbolic hypotheticals about what could happen in posited cases bearing no resemblance to this one under a plain-text application of the statute are inapposite. There is no "line-drawing problem": the statute's "same occurrence" requirement cabins stays to cases with concrete factual overlap; it does not sweep in cases with merely similar subject matter. And in any event, Congress has determined that a stay is *mandatory* when the Section 1595(b) stay elements are met, regardless of the consequences. *See Athens County*, 2022 WL 1569979, at *1.

\* \* \*

As this Court and Judge Boyle already held, when Section 1595(b) applies (as it does here), it stays the entire action—even as to defendants not charged criminally. *Fitzgerald*, 102 F.4th at 1101; *Lunkes*, 882 F. Supp. 2d at 550. And, as noted above, the Middle District of Florida recently granted a stay in nearly identical circumstances to those presented here. *See I.H.*, Dkt. 282 (Supp. App. at 96–98). The Court's inherent docket-management authority cannot override Congress's mandate that a stay shall issue if the elements are met. *See Fitzgerald*, 102 F.4th at 1101. Nor can Plaintiffs' timeliness and "gamesmanship" objections defeat a statutory command. *See* Dkt. 247 at 8 ("[T]he plain text of the statute" means that "this Court *must* impose a stay in this civil proceeding." (emphasis added)); *S.M.A.*, Dkt. 105 at 11 (Supp. App. at 94) ("[T]he Court is *required* to impose a stay as to this entire case" when "the elements for imposing a mandatory stay are met." (emphasis added)). Section 1595(b) says a qualifying civil action "shall be stayed" and

creates no equitable exceptions. *Athens County*, 2022 WL 1569979, at *1. Because the elements of Section 1595(b) are met, the cases must remain stayed.

**III.    Section 3509(k) Independently Requires a Stay for the Minor-Victim Claims**

Section 3509(k) provides another independent basis to stay the case as to D.R., who alleges she was trafficked as a minor and requests money damages. Compl., *D.R. v. Salesforce.com, Inc.*, No. 4:21-CV-2856 (S.D. Tex. Sept. 1, 2021), Dkt. 1 ¶¶ 74, 139. Like Section 1595(b), Section 3509(k) uses mandatory language: when a cause of action seeks compensation "for damage or injury to the person of a child," and a criminal action "arises out of the same occurrence" and "the child is the victim," the civil action "shall be stayed until the end of all phases of the criminal action." 18 U.S.C. § 3509(k). Plaintiffs do not dispute that D.R. was a minor when she was advertised on Backpage and that she is seeking damages for those injuries. And, as explained above, this case "arises out of the same occurrence" as the pending criminal action in *Lacey*, Case No. 2:18-CR-00422. Thus, a stay under Section 3509(k) is mandated by statute.

## CONCLUSION

Defendant Salesforce, Inc. respectfully requests the Court deny reconsideration and maintain the stay until a final adjudication is reached in *United States v. Lacey*, Case No. 2:18-CR-00422 (D. Ariz.).

DATED:  December 1, 2025                            Respectfully submitted,

| | |
|---|---|
| Collin J. Cox<br>*Of Counsel*<br>  Texas Bar No. 24031977<br>  S.D. Tex. Bar No. 654469<br>Gregg Costa<br>*Of Counsel*<br>  Texas Bar No. 24028160<br>  S.D. Tex. Bar No. 32779<br>GIBSON, DUNN & CRUTCHER LLP<br>811 Main Street, Suite 3000<br>Houston, TX 77002-6117<br>Telephone:  (346) 718-6604<br>Facsimile:  (346) 718-6941<br>*ccox@gibsondunn.com*<br>*gcosta@gibsondunn.com*<br><br>Kathrine M. Silver<br>*Of Counsel*<br>  Texas Bar No. 24013510<br>  S.D. Tex. Bar No. 25397<br>JACKSON WALKER<br>1401 McKinney, Suite 1900<br>Houston, Texas 77010<br>Telephone:  (713) 752-4200<br>Facsimile:  (713) 308-4141<br>*ksilver@jw.com* | */s/ Andrew LeGrand*<br>Andrew P. LeGrand<br>*Attorney-in-Charge*<br>  Texas Bar No. 24070132<br>  S.D. Tex. Bar No. 2827698<br>GIBSON, DUNN & CRUTCHER LLP<br>2001 Ross Avenue, Suite 2100<br>Dallas, Texas 75201<br>Telephone:  (214) 698-3100<br>Facsimile:  (214) 571-2900<br>*alegrand@gibsondunn.com*<br><br>Kristin A. Linsley (admitted *pro hac vice*)<br>*Of Counsel*<br>GIBSON, DUNN & CRUTCHER LLP<br>555 Mission Street, Suite 3000<br>San Francisco, California 94105<br>Telephone:  (415) 393-8200<br>Facsimile:  (415) 393-8306<br>*klinsley@gibsondunn.com* |

*Counsel for Defendant Salesforce, Inc.*

**CERTIFICATE OF SERVICE**

    I certify that a true and correct copy of the foregoing document has been served on counsel of record pursuant to the Federal Rules of Civil Procedure.

                                    *s/ Andrew LeGrand*
                                    Andrew LeGrand

                                    Attorney for Defendant Salesforce, Inc.