United States District Court
Southern District of Texas

**ENTERED**

April 02, 2026

Nathan Ochsner, Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| A.B., an individual, *et al.*, | § | |
| | § | |
| *Plaintiffs*, | § | |
| VS. | § | CIVIL ACTION NO. 4:20-CV-01254 |
| | § | |
| SALESFORCE, INC., | § | |
| | § | |
| *Defendant*. | § | |
| | § | |
| | § | |

## ORDER

Pending before this Court is the Plaintiffs' Motion for Reconsideration of Order Granting Stay and Request for Oral Argument (Doc. No. 249). Defendant Salesforce, Inc. ("Salesforce") filed a response in opposition. (Doc. No. 250). The Court is also in receipt of Plaintiff D.R.'s Supplemental Authority in Support of Motion for Reconsideration (Doc. No. 251) and Salesforce's response (Doc. No. 251). Upon close review of the pleadings and relevant legal standards, the Motion for Reconsideration (Doc. No. 249) is **DENIED.**

On October 28, 2025, this Court granted Salesforce's Motion to Stay Proceedings Pursuant to 18 U.S.C. §§ 1595(b) and 3509(k). (Doc. No. 247). The Court held that the plain language of 18 U.S.C. § 1595(b) required this Court to stay this civil action during the pendency of a related criminal case, *United States v. Lacey*, No. 2:18-CR-00422 (D. Ariz.). *See Doe 1-10 v. Fitzgerald*, 102 F.4th 1089, 1098 (9th Cir. 2024) (holding that the stay is a "mandatory obligation" for the civil action if "(1) a criminal action or investigation is pending; (2) the criminal action arises "out of the same occurrence" as the civil action; and (3) the plaintiff in the civil action is the victim of an occurrence that is the same in the civil and criminal proceedings"). Other courts have held the same. *See, e.g., A.S. Salesforce, Inc.*, No. 3:23-CV-1039 (N.D. Tex. Oct. 21, 2025) (Doc. No. 179);

*I.H. v. Salesforce, Inc.*, No. 8:24-CV-01678 (M.D. Fl. Dec. 1, 2025) (Doc. No. 282); *G.G. v. Salesforce.com, Inc.*, No. 20-C-2335, 2026 WL 663407 (N.D. Ill. Mar. 10, 2026).

In their Motion for Reconsideration, Plaintiffs do not bring forth any new arguments or evidence related to the mandatory clause in § 1595(b). Instead, Plaintiffs rehash the same statutory interpretation arguments that were initially presented to this Court, but as the Fifth Circuit has advised, "[a] motion for reconsideration may not be used to rehash rejected arguments." *LeClerc v. Webb*, 419 F.3d 405, 412 n.13 (5th Cir. 2005). While the Court recognizes that this mandatory stay will delay reaching finality in this civil action, the Court must adhere to the plain text of the statute. All counsel shall notify this Court within fourteen days of the final adjudication of the *Lacey* case.

For the reasons above and explained in the Court's previous order (Doc. No. 247), the Motion for Reconsideration (Doc. No. 249) is **DENIED.**


It is so ordered.

Signed on this the ___2ⁿᵈ___ day of April 2026.


                                      Andrew S. Hanen
                                      United States District Judge